## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DANIEL MELLINGER, Inmate #81481-012,** )
 )
       **Petitioner,** )
 )  **CIVIL NO. 07-446-DRH**
**vs.** )
 )
**B.A. BLEDSOE,** )
 )
       **Respondent.** )

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

     Petitioner, an inmate in the United States Penitentiary in Marion, Illinois, filed this action under the umbrella of habeas corpus law. 28 U.S.C. § 2241. Typically the writ of habeas corpus is used to free an inmate from unlawful custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484-85 (1973). The writ has been extended, under certain circumstances, to allow a prisoner to challenge his transfer to a more restrictive confinement. *See, e.g., United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); *Graham v. Broglin*, 922 F.2d 379 (7th Cir. 1991).

> If the prisoner is seeking what can fairly be described as a quantum change in the level of custody – whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation – then habeas corpus is his remedy. *But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law....*

*Id*. at 381 (emphasis added); *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 138-139 (7th Cir. 1995).

     In the instant case, Petitioner complains of his conditions of confinement in the secured

Dockets.Justia.com

housing unit at Marion. He seeks access to his legal materials, personal property, and responses to his grievances. Such a challenge does not request a "quantum change in the level of custody." Thus, habeas corpus cannot provide him with his requested relief. While courts sometimes construe a mistakenly-labeled habeas corpus petitions as a civil rights complaint, *see, e.g., Graham*, 922 F.2d at 381-82 (collecting cases), it would be inappropriate to do so here, because petitioner would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub.L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915.

Therefore, the Court is unable to provide the relief sought. Accordingly, this habeas corpus action is **DISMISSED** without prejudice. If Petitioner wishes to pursue these claims, he may do so in a properly filed civil rights action, accompanied by the $350 filing fee or a motion for leave to proceed *in forma pauperis*.

The Clerk is **DIRECTED** to **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED:** July 2, 2007.

/s/   David   RHerndon
**DISTRICT JUDGE**